### WALTERS v NESBIT et

Ohio Appeals, 9th Dist, Summit Co

No 2042. Decided March 18, 1932

Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in error.

Smoyer, Kennedy, Smoyer & Vogel, Akron, and Schwab & Heiser, Akron, for defendant in error.

300

PER CURIAM

There is no evidence in the record of contributory negligence on the part of Francis Nesbit, and the circumstances were such that Floyd Walters could escape liability only in the event he was not guilty of any negligence which was a contributing proximate cause of the injuries which Francis Nesbit suffered.

It is claimed, on behalf of Floyd Walters, that the finding of the jury that he was negligent, is against the weight of the evidence, and it is also claimed that the verdict is excessive in amount, and it is also claimed that the court erred in not directing a verdict in favor of Floyd Walters at the close of the evidence on behalf of Francis Nesbit.

The latter claim is based upon the contention that the testimony of David Bierce, who was called for cross-examination by Francis Nesbit, could not be considered as evidence against Floyd Walters on his said motion.

As to this question, we hold that, where the plaintiff calls one of two defendants for cross-examination, and that defendant gives evidence favorable to the plaintiff and against the other defendant, such evidence must be considered by the court as a part of the evidence favorable to plaintiff, on a motion to direct a verdict in favor of the other defendant.

There was evidence tending to prove that when Walters' car entered said highway, it stopped a short distance from the paved and improved portion of said highway for the purpose of permitting the Bierce car and a car coming from the opposite direction to pass, and that, while standing in said position, the Bierce car, without any reason or excuse therefor, left the improved and traveled portion of said highway and ran along the side thereof and into the Walters car; and there was also positive testimony that the Walters car, when it was hit, was upon the traveled portion of said highway and directly in the path of the Bierce car, traveling thereon. Bierce so testified, and there was testimony of marks upon the pavement which tended to corroborate his testimony. There was a sharp conflict not only in the positive statements of witnesses but in the surrounding facts and circumstances bearing upon the question of whether Walters was guilty of negligence; and after a careful reading of the record, we are of the opinion that the finding of the jury that Walters was guilty of negligence, is not manifestly against the weight of the evidence.

As to the extent of Francis Nesbit's injuries, there was ample evidence, if it was believed by the jury, to warrant the amount of the verdict rendered, and we do not find that the verdict is excessive.

The case was ably presented upon behalf of all the interested parties, and was fairly submitted to the jury by the court, and we do not find that the jury was manifestly wrong in its determination of the issues of fact.

Judgment affirmed.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur.